**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APRIL SHAKOOR-DELGADO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 24-CV-05103 |
| v. ) ) | Judge Martha M. Pacold |
| CORNERSTONE FIRST MORTGAGE, LLC, ) ) | Magistrate Judge: Heather K. McShain |
| Defendants. ) ) | |

**DEFENDANT CORNERSTONE FIRE MORTGAGE, LLC'S**
**MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant Cornerstone First Mortgage, LLC ("Cornerstone") hereby moves this Court to dismiss Count III of Plaintiff's Class and Collective Action Complaint ("Complaint").

**INTRODUCTION**

Count III of Plaintiff's Complaint alleges Cornerstone failed to reimburse Plaintiff for the high-speed internet, cell phone, and unspecified equipment and office expenses. Dkt. 1, Complaint, p. 15-18. However, Plaintiff fails to make a claim or otherwise provide any factual support that she submitted requests for reimbursements as required by Section 9.5 of the Illinois Wage Payment and Collection Act ("IWPCA"). 820 ILCS 115/9.5. The IWPCA requires an employer to reimburse employees for necessary expenditures incurred by the employee within the scope of their employment so long that those expenses are submitted within 30 calendar days. *Id.* Because Plaintiff does not (and cannot) allege that she made such requests, Plaintiff has failed to state a claim for relief for expense reimbursement under Section 9.5 of the IWPCA. As such, Count III of Plaintiff's Complaint must be dismissed.

1

**STATEMENT OF FACTS**

On June 19, 2024, Plaintiff filed a Complaint against Cornerstone alleging three causes of action. Dkt. 1, Complaint. Defendant has filed with this motion their answers and affirmative defenses to Counts I & II, which allege violations of the Fair Labor Standards Act and Illinois Minimum Wage Law for failure to pay overtime and all time worked. *Id* at 12-15. At issue here is Count III of the Complaint, in which Plaintiff alleges a violation of the IWPCA for failure to adequately reimburse Plaintiff for equipment, internet, cell phone, and remote office expenses. *Id*. at 2, 15-18.

Plaintiff failed to include any allegations, direct or implied, that she submitted the claimed expenses to Cornerstone for reimbursement. Plaintiff does not specify the costs of the alleged expenses, nor does she attach supporting documentation of said expenses to the Complaint. Cornerstone first learned of such expenses upon receipt of the Complaint as Cornerstone has no record of Plaintiff submitting any expenses for reimbursement to date. Although Cornerstone does not have a written reimbursement policy, they do allow employees to submit necessary expenses for reimbursement.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating such a motion, the court takes all well-pleaded allegations as true. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). The court need not accept as true, however, legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face."

*Id.* "[A]llegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A complaint that contains allegations "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

## ARGUMENT

Count III of Plaintiff's Complaint alleges Defendants failed to reimburse necessary expenses in violation of the IWPCA. However, Plaintiff fails to present any evidence or otherwise allege that she submitted the alleged expenses for reimbursement. Under the IWCPA, employers must "reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5. The same provision also requires employees to "**submit any necessary expenditure with appropriate supporting documentation within 30 calendar days** after incurring the expense, except that an employer may provide additional time for submitting requests for reimbursement in a written expense reimbursement policy." *Id.* (emphasis added). Accordingly, to survive a motion to dismiss, Plaintiff must have submitted any of the claimed necessary expenses with appropriate supporting documentation within 30 days of incurring the expense. *Prokhorov v. IIK Transp., Inc.,* 20 CV 6807, 2024 WL 3694523, at *12 (N.D. Ill. Aug. 7, 2024).

Plaintiff asserts she paid out of pocket for necessary expenses including equipment, internet, cell phone, and remote office expenses. However, Plaintiff provides no evidence that she submitted the alleged expenses for reimbursement within 30 days, let alone at all. The Complaint

3

merely lists various expenses without particularity to when Plaintiff incurred the expenses, the cost of each expense, and, in some cases, what the expense was. The IWPCA does not allow employees to make claims for vague list items like "remote office expenses." To the contrary, the IWPCA requires employees to attach supporting documentation to any requests for reimbursement. Per Section 9.5 of the IWPCA, "[a]n employer is not responsible for losses due to an employee's own negligence." Accordingly, Defendant cannot be responsible for failing to reimburse Plaintiff for expenses she neglected to submit. The IWPCA provides a clear path for expense reimbursement for employees; one that Plaintiff failed to follow both in the course of her employment with Defendant and the allegations in Count III of the Complaint.

Even if Plaintiff did allege that she submitted the alleged expenses for reimbursement, Cornerstone has no record of Plaintiff submitting expenses for reimbursement at any time during the course of her employment. It is the precedent of this Court that employees cannot succeed on a claim for reimbursement under the IWPCA without alleging or otherwise providing evidence of requests for reimbursement made and unfulfilled by their employer. *Prokhorov,* 2024 WL 3694523, at *12. As there is neither evidence nor allegations that Plaintiff made request for reimbursements that went unfulfilled by Cornerstone, Plaintiff fails to state a claim that Cornerstone violated Section 9.5 of the IWPCA. Accordingly, Count III of the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Cornerstone respectfully requests that the Court dismiss Count III of Plaintiff's Complaint against Defendant Cornerstone pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: */s/ Brian M. Roth*
Brian Roth
*One of the Attorneys for Defendant,*
*Cornerstone First Mortgage, LLC*

Brian M. Roth
Alana B. Lawton
GORDON REES SCULLY MANSUKHANI, LLP
One North Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 565-1400
Facsimile: (312) 565-6511
broth@grsm.com
alawton@grsm.com